**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4365

WINCHAUS ANGELO HAYES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-98-91)

Submitted: October 29, 1999

Decided: November 18, 1999

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Darryl J. Mitchell,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Winchaus Angelo Hayes appeals his conviction and thirty-seven-month sentence imposed after a jury found him guilty of possession of ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1999). On appeal, Hayes contends that the district court erred by denying his motion to suppress the ammunition, that the evidence was insufficient to convict him, and that the court erred in calculating his criminal history category. Finding no error, we affirm the conviction and sentence.

Hayes moved to suppress the ammunition on the ground that there was no articulable suspicion to support the officer's pat-down of Hayes. On appeal, Hayes presents a new argument as to why the district court should have suppressed the ammunition--that the officers did not have probable cause to arrest him. Hayes'"failure to preserve the issue properly amounts to waiver under [Fed. R. Crim. P.] 12(f)." United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Hayes never sought relief below for his default by showing cause under Rule 12(f) nor has he established plain error on appeal. See United States v. Wilkerson, 84 F.3d 692, 694-95 (4th Cir. 1996) (discussing plain error standard); United States v. Dorlouis, 107 F.3d 248, 255 (4th Cir. 1997) (defining probable cause).

Next, Hayes asserts that the evidence was insufficient to convict him of possession of ammunition by a convicted felon because the Government failed to establish knowing possession. Taking the evidence in the light most favorable to the Government, we conclude that the evidence was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (providing standard); United States v. Hobbs, 136 F.3d 384, 390 (4th Cir.) (outlining elements of § 922(g)(1)), cert. denied, 118 S. Ct. 2358 (1998).

Finally, Hayes challenges his thirty-seven-month sentence on the ground that the district court erred in calculating his criminal history score. Specifically, he asserts that two convictions on which the dis-

2

trict court relied were "related" because the state court imposed concurrent sentences on the same day after revoking Hayes' probation on offenses that were committed at different times and separated by an intervening arrest. We find no error in the district court's calculation of Hayes' criminal history. See United States v. Breckenridge, 93 F.3d 132, 137 (4th Cir. 1996); U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3) (1998).

Accordingly, we affirm Hayes' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED